## VAUGHAN v. NEWS LEADER CO.
### No. 4449.

Circuit Court of Appeals, Fourth Circuit.
June 23, 1939.

Hiram M. Smith, of Richmond, Va., for appellant.

A. Hamilton Bryan and Brockenbrough Lamb, both of Richmond, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the Eastern District of Virginia, at Richmond, in October, 1938, by the appellant, Harold D. Vaughan, a citizen of North Carolina, here referred to as the plaintiff, against The News Leader Company, a Virginia corporation, publisher of the newspaper known as the Richmond News Leader, here referred to as the defendant.

The object of the action was to recover damages because of an alleged libelous news item published in said newspaper, in the issue of September 2, 1938, concerning the plaintiff. The complaint contained two causes of action, one based upon the so-called Virginia "Statute of Insulting Words" (Code of Virginia 1936, § 5781), and the other drawn under the common law.

In November, 1938, a trial was had before a jury and a verdict returned for the defendant. A motion was made to set aside the verdict, which motion the court overruled and entered judgment for the defendant. From this action this appeal was brought.

On June 22, 1937, the plaintiff was arrested in the City of Richmond under authority of a warrant in which it was charged that he "did unlawfully be disorderly and threaten bodily harm to George S. Kemp." The warrant was heard in the Police Court of the City of Richmond on July 23, 1937. At the conclusion of the trial the plaintiff was required to "give surety in the sum of one thousand dollars for twelve months," to keep the peace. From this sentence the plaintiff appealed to the Hustings Court of the City of Richmond. A trial in the Hustings Court was continued from time to time pending the hearing of a motion to quash the warrant. On September 1, 1938, the judge of the Hustings Court permitted the Commonwealth's Attorney to amend the warrant to charge that the plaintiff "did unlawfully be a person not of good fame in that he did curse and abuse and did threaten bodily harm to George S. Kemp" and on the same day the trial was set for the 21st of September, 1938.

On September 2, 1938, the day after the amendment of the warrant, the appellee published the article complained of in which it was stated that the warrant "was ordered amended by Judge Ingram yesterday to charge Vaughan with being 'a person not of good fame'."

The Virginia Statute referred to reads as follows:

"§ 5781. *For insulting words.*—All words which, from their usual construction and common acceptation, are construed as

362

insults and tend to violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon."

The sole question to be considered on this appeal is whether there was error in the charge of the judge to the jury.

■ It is contended on behalf of the plaintiff that the trial judge erred in charging the jury that "* * * if the newspaper's account of such court proceeding is a fair, impartial and substantially accurate report the privilege of the newspaper to publish it is a complete defense, * * *".

The position taken by the plaintiff is that the word "substantially" should not have been used but that the account should have been a "fair, impartial and accurate" report of the proceedings in question.

We are of the opinion that the charge of the trial judge was clear, was fair to the plaintiff, and correctly stated the law.

■ The publication of public records to which everyone has a right of access is privileged. " 'The rule attaches to judicial proceedings even if preliminary or ex parte in their nature, if any judicial action has been had thereon. * * * As a general rule the reports of criminal proceedings are privileged.' * * * The policy of the law which, under certain circumstances, permits newspapers to publish court proceedings, finds its justification in its beneficent influence upon those charged with the trial and conduct of litigation, * * *". Times-Dispatch Pub. Co. v. Zoll, 148 Va. 850, 139 S.E. 505, 507, citing with approval extracts from 36 Corpus Juris, Sections 265½, p. 1275, 267, p. 1276, and 268, p. 1277, and Newell on Slander and Libel, 4th Ed., Section 341.

■ A more recent Virginia case on the same subject is James v. Powell, 154 Va. 96, 152 S.E. 539, 545, where the court said:

"It is not necessary that the published report be verbatim, but it must be substantially correct. * * *

"* * *, but every principle of public policy and good faith requires that these publications be substantially correct."

In this case the Virginia Court cites with approval Newell on Slander and Libel, 4th Ed., Section 459, which reads in part as follows: "The report need not be verbatim; it may be abridged or condensed but it must not be partial or garbled. It need not state all that occurred in extenso; but

if it omit any fact which would have told in a person's favor, it will be a question for the jury whether the omission is material. * * * But a report will be privileged if it is 'substantially a fair account of what took place' in court. 'It is sufficient to publish a fair abstract.' "

■ While the law as laid down by the Virginia Court is controlling, a review of the cases, other than Virginia cases, relied upon on behalf of the plaintiff, particularly Sweet v. Post Publishing Co., 215 Mass. 450, 102 N.E. 660, 661, 47 L.R.A.,N.S., 240, Ann.Cas.1914D, 533, supports the same principle. In that case the court said: "The same principle which requires that they should be fair and impartial requires that they should be accurate, at least in regard to all material matters."

■■ The question whether the published report was a "fair, impartial and accurate report" was one for the jury. Whether the plaintiff suffered any damages from an inaccurate report was also a question for the jury. Norfolk Post Corp. v. Wright, 140 Va. 735, 125 S.E. 656, 40 A.L.R. 579.

■ A number of other contentions were made on behalf of the plaintiff with regard to the charge of the trial judge on the question of damages and the limiting and mitigation of damages but, in view of the verdict of the jury, for the defendant, the charge of the court as to damages could in no way have affected the plaintiff, and it is not necessary to consider these contentions here. The published report was admittedly accurate so far as it went and was substantially correct in every respect. There was no error in the trial of the case and the judgment of the court below is accordingly affirmed.

NOTE: Since the writing of this opinion our attention has been called to a decision of the Supreme Court of Appeals of Virginia, handed down on June 12, 1939, in the case of The News Leader Company v. Bessie Kocen, 3 S.E.2d 385. In that case the newspaper article complained of gave the wrong address of the person charged with a crime. At the address given another person of the same name resided. The majority opinion of the court makes the following statement of the law: "The fact that defendant was engaged in publishing the proceedings of a criminal case, which is a matter of more or less public concern, does not relieve it of the duty

of being fair and accurate in identifying persons charged with criminal offenses."

We do not think this decision changes the rule as above stated. Absolute accuracy in identifying a person charged with a crime is necessary in order that some innocent person may not suffer. When the name and address of the person charged with a crime is accurately given all that is required in the publication of the account of the proceedings is substantial accuracy.